

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMETRIUS ANDREWS,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | No. 3:13-CV-1407-BF |
| FAITH MINISTRIES OF TEXAS, INC. and<br>DEMETRA DONALDSON,<br>Defendants. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION & ORDER

Before the Court is defendants Faith Ministries of Texas, Inc. ("Faith Ministries") and Demetra Donaldson's ("Donaldson") (collectively, "Defendants") Second Rule 12(b)(6) Motion to Dismiss, and Alternatively, Rule 56 Motion for Summary Judgment [D.E. 24]. For the following reasons, Defendants' Motion to Dismiss [D.E. 24] is GRANTED.

## BACKGROUND

This is an action by plaintiff Demetrius Andrews ("Andrews") against Faith Ministries and Donaldson alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* According to Andrew's Amended Complaint, she worked for Faith Ministries and Donaldson from December 29, 2011 through February 4, 2012 as a home attendant and was paid at a rate of $200.00 per month. *See* Am. Compl. [D.E. 18 at 1]. Andrews contends that Donaldson actively ran the business of Faith Ministries and was substantially in control of the terms and conditions of Andrews' work. *See id.* [D.E. 18 at 2]. Andrews contends that she worked an average of approximately 96 hours per week during her employment with Faith Ministries. *See id.* [D.E. 18 at 2]. Defendants now seek to dismiss Andrews' Amended Complaint under Federal Rule of Civil Procedure 12(b)(6)

("Rule 12(b)(6)").[1] *See* Defs.' Resp. [D.E. 25 at 4-6].

## STANDARD OF REVIEW

### 1. Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of the complaint by "accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations and citation omitted). In order to survive the motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

### 2. FLSA Coverage

In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege facts that show

---

1. Alternatively, Defendants move for summary judgment under Federal Rule of Civil Procedure 56. The court does not reach the alternative summary judgment motion.

coverage under the FLSA. *See Lindgren v. Spears*, No. H-10-1929, 2010 WL 5437270, at *3 (S.D. Tex. Dec. 27, 2010) (holding that FLSA coverage must be alleged because it is an element of the claim). "The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ("individual coverage") *or* employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage")." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotations omitted). "*Either* individual or enterprise coverage is enough to invoke FLSA protection." *Id.* "Commerce" under the FLSA "means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). An enterprise engaged in commerce or in the production of goods for commerce means an enterprise that:

> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated); (B) is engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution, a school for mentally or physically handicapped or gifted children, a preschool, elementary or secondary school, or an institution of higher education (regardless of whether or not such hospital, institution, or school is public or private or operated for profit or not for profit); or (C) is an activity of a public agency.

29 U.S.C. § 203(s)(1).

## ANALYSIS

The parties dispute whether Andrews' Amended Complaint sufficiently alleges FLSA coverage. Defendants contend that Andrews' Amended Complaint does not allege facts but merely recites the statutory definition for enterprise coverage. Defs.' Br. [D.E. 25 at 5-6]. Further,

3

Defendants contend that Andrews' bare assertion that she worked as a "home attendant" does not sufficiently allege facts demonstrating individual coverage. *See id.* [D.E. 25 at 5]. Andrews contends that her Amended Complaint sufficiently alleges facts establishing enterprise coverage because she alleges that she worked for Defendants as a "home attendant" and that Faith Ministries "operated a business in Dallas County, Texas, that was an institution primarily engaged in the care of the mentally ill and defected patients who resided on the Defendants' premises . . . ." *See* Pl.'s Resp. [D.E. 26 at 3-4]. Further, Andrews contends that Defendants should read her allegations together and in the context that Congress provides an alternative avenue to establish enterprise coverage in cases where the defendant operates a hospital or other healthcare institutions. *See id.* [D.E. 26 at 3] (citing 29 U.S.C. § 203(s)(1)(B)).

Despite Andrews' argument that her allegations must be read together and in the context of congressional intent, she is nevertheless required to explicitly allege facts that establish individual or enterprise coverage. However, Andrews failed to plead facts sufficient to permit the Court to conclude that she has pleaded "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. With respect to FLSA coverage, Plaintiff's Amended Complaint provides nothing more than a verbatim recitation of a portion of the enterprise coverage definition as set forth in Title 29, United States Code, Section 203(s)(1)(B). *See Morrow v. J.W. Elec., Inc.*, No. 3:11-CV-1988-D, 2011 WL 5599051, at *3 (N.D. Tex. Nov. 16, 2011) ("He [] alleges, without factual support, that defendants had employees engaged in commerce or in the production of goods for commerce and had an annual gross volume of sales made or business done of not less than $500,000. . . . These averments are not allegations of fact that provide the grounds of his entitlement to relief; they are nothing more than a formulaic recitation of the elements of a cause of action.") (internal quotations and alterations

omitted). Because Andrews has failed to allege facts that, if taken as true, establish coverage under the FLSA, Defendants' Rule 12(b)(6) Motion to Dismiss should be granted. *See Lindgren*, 2010 WL 5437270, at *3 (granting motion to dismiss FLSA claim because "[t]he allegations of FLSA coverage are conclusory; they merely repeat the statutory elements of coverage, which is an element of the claim").

## **CONCLUSION**

For the foregoing reasons, Defendants' Second Rule 12(b)(6) Motion to Dismiss [D.E. 24] is GRANTED.

**SO ORDERED**, this 13 day of July, 2015.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE